UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA       )
ex rel., MICHAEL WILSON,       )
     Plaintiff,                )
                               )
     v.                        )    C.A. No. 06-12195-MLW
                               )
BRISTOL-MYERS SQUIBB,          )
INC., et al.,                  )
     Defendants                )
```

ORDER

WOLF, D.J.                                         February 6, 2013

With regard to the February 7, 2013 hearing, the court at present intends to hear argument, and possibly decide the issues raised, in defendants' pending motions to dismiss in the following sequence:

1. Whether the court has jurisdiction over the claims asserted by relator Michael Wilson in the Second Amended Complaint for Damages Under the Federal False Claims Act and Various State False Claims Acts and Demand for Jury Trial (the "SAC") because of the False Claim Act's (the "FCA's") first-to-file bar to jurisdiction. See 31 U.S.C. §3730(b)(5). It is the court's tentative view that, under the first-to-file test, Wilson may not qualify as the first relator to file claims against the defendants in this case regarding the drugs Pravachol and Plavix. See United States ex rel. Duxbury v. Ortho Biotech Prod., L.P., 579 F.3d 13, 32-33 (1st Cir. 2009).

2. Whether any claim of fraud with regard to any drug as to which the court has jurisdiction in light of the FCA's first-to-

file bar is pled in a manner that satisfies, in particular, the requirements of Federal Rule of Civil Procedure 9(b). The parties should be prepared to address which, if any, of the allegations that defendants claim relator impermissibly asserts in the SAC – because of the dismissal with prejudice, release, and/or the FCA's public disclosure rule, see 31 U.S.C. §3730(e)(4) – are material to the Rule 9(b) analysis and also plan to address the merits of the contention that each such allegation is barred.[1]

In addition, the parties should be prepared to discuss how the permissible allegations in the SAC compare and contrast with the allegations in analogous cases, including but not limited to, Duxbury, 579 F.3d at 29-32 (concluding that relator's allegations "pass muster for purposes of Rule 9(b)"); United States ex rel. Rost v. Pfizer, Inc., 507 F.3d 720, 732-33 (1st Cir. 2007) (concluding that the allegations were insufficient under Rule 9(b)), overruled on other grounds by Allison Engine Co., Inc. v. United States ex rel. Sanders, 553 U.S. 662 (2008); United States ex rel. Banigan v. Organon USA Inc., No. 07-12153-RWZ, 2012 WL 1997874, at *12-16 (D. Mass. June 1, 2012) (finding some of relators' allegations insufficient and others sufficient under Rule 9(b)); United States ex rel. Nowak v. Medtronic, Inc., 806 F. Supp. 2d 310, 353-57 (D. Mass. 2011) (holding that relator failed to

---

[1] The parties shall confer concerning these issues particularly prior to the February 7, 2013 hearing.

allege fraud with particularity); <u>United States ex rel. Westmoreland v. Amgen, Inc.</u>, 738 F. Supp. 2d 267, 276-78 (D. Mass. 2010) (concluding that pleadings were sufficient under Rule 9(b)).

    3. Whether relator's employment claims are pled in a manner that satisfies the requirements of Rules 8(a)(2) and 12(b)(6).

    4. Whether relator should be granted leave to amend the SAC, if any permissible claim is not now properly pled in the SAC.

                                                                                   /s/ Mark L. Wolf
                                                UNITED STATES DISTRICT COURT